UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK CROWDER,

    Plaintiff,

v.                                                                                  Case No. 8:22-cv-725-WFJ-SPF

WORLD PRODUCT SOLUTIONS,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Dismiss (Dkt. 8), Plaintiff's Opposition (Dkt. 10), and Defendant's Reply (Dkt. 13). After careful consideration of the Plaintiff's Complaint and its attachments (Dkt. 1; Dkt. 1-1), the submissions of the parties, and the entire file, the Court grants Defendant's motion.

## BACKGROUND

On March 29, 2022, Plaintiff Derrick Crowder, *pro se*, filed this Title VII race-based employment discrimination action for his alleged January 8, 2021, wrongful termination. Dkt. 1. On April 30, 2021, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *Id*. at 5; Dkt. 1-1 at 2, 3. The EEOC issued a notice of the right to sue on May 26, 2021. Dkt. 1 at 5; Dkt. 1-1 at 6; Dkt. 10 at 2.

The notice states that in a Title VII case, the claimant must file any lawsuit within 90 days of receipt of the notice "or [the] right to sue based on this charge will be lost." Dkt. 1-1 at 6. On August 13, 2021, Plaintiff filed an action on the discrimination charges. *See Crowder v. World Product Solutions*, No. 8:21-cv-1950-TPB-TGW ("2021 action"). After Plaintiff failed to return any service of process forms, the presiding district judge dismissed without prejudice the 2021 action. Dkt. 3 at n.1; *see also* Dkt. 11 in the 2021 action.

The 2021 action was dismissed on January 25, 2022. *Id*. The instant action was filed 63 days later—on March 29, 2022. Dkt. 1. Defendant seeks to dismiss this action as untimely.

## APPLICABLE LAW

On a motion to dismiss, all allegations in the complaint must be considered in the light most favorable to the plaintiff, and all reasonable inferences drawn from those allegations are considered as true. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In deciding a motion to dismiss, the Court may consider exhibits to the complaint without converting the motion into one for summary judgment, provided the attachments are central to the claim. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007).

The Court applies a more lenient standard to pleadings filed by a *pro se* litigant and construes them liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*)). *Pro se* parties must nevertheless "conform to procedural rules." *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## DISCUSSION

After a plaintiff exhausts administrative remedies, he must bring a civil action against the party named in the charge "within ninety days after the [EEOC's notice of the right to sue]." 42 U.S.C. § 2000e-5(f)(1). This 90-day limitations period is not jurisdictional and is therefore subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 348 (1983); *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1007 (11th Cir. 1982). The issue here is whether equitable tolling applies to extend the 90-day window for commencing an action.

Equitable tolling applies if the plaintiff has been prevented from suing "due to inequitable circumstances." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). Equitable tolling is an extraordinary remedy to be used sparingly. *Chang v. Carnival Corp.*, 839 F.3d 993, 996 (11th Cir. 2016). Plaintiff bears the burden of establishing his entitlement to equitable tolling. *Williams v. Ga. Dep't of Def. Nat'l Guard Headquarters*, 147 F. App'x 134, 136 (11th Cir.

2005), *cert. denied*, 546 U.S. 1176 (2006).  Plaintiff must show both that he diligently pursued his rights and that an extraordinary circumstance prevented him from meeting a deadline.  *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (*en banc*).

The Court first determines the timeline.  The notice of dismissal and right to sue instructed Plaintiff that he "**must**" file a lawsuit concerning the particular charge "**WITHIN 90 DAYS** of [his] receipt of this notice" or he would lose the right to sue.  Dkt. 1-1 at 6 (emphasis in original).  Although the "date issued" line at the bottom of the notice is blank, the Director of the Tampa Field Office of the EEOC digitally signed the notice on May 26, 2021.  *Id*.  Plaintiff does not dispute the May 26, 2021, issue date or contest his receipt.  Dkt. 10 at 2.

If the date of receipt were in dispute, however, the Court would "presume that a mailing is received three days after its issuance."  *Robbins v. Vonage Business, Inc.*, 819 F. App'x 863, 866–67 (11th Cir. 2020) (citations omitted).[1]  Giving Plaintiff the benefit of the doubt, the receipt date would be the date of May 29, 2021.

Plaintiff filed his first action on this particular charge of wrongful termination—the 2021 action—on August 13, 2021, 76 days after receiving the

---

[1] If the defendant were to contest the receipt date, the plaintiff has the burden to show he filed the complaint within 90 days.  *Robbins*, 819 F. App'x 866–67 (citing *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002)).

right to sue.  Although the 2021 action was timely filed, it was dismissed without prejudice for Plaintiff's failure to follow court orders.  This second action was filed 304 days after receipt of the notice.

Defendant argues that the filing of the first action did not toll the 90-day period.  The Court agrees.  Generally, the filing of a complaint does not toll the statute of limitations when that complaint is subsequently dismissed without prejudice because the dismissal "has the effect of placing the parties in a position as if the suit had never been filed."  *Dade Cnty. v. Rohr Indus., Inc.*, 826 F. 2d 983, 989 (11th Cir. 1987); *see also Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 975 (11th Cir. 2012) (holding Title VII claims were time-barred).  In other words, "a dismissal without prejudice for failure to prosecute [does] not toll the period of limitations." *Abram-Adams*, 491 F. App'x at 976 (citations omitted).

Moreover, even assuming that the pendency of the first lawsuit did toll the 90 days, this second action should have been filed no later than 14 days after the 2021 action was dismissed.  It follows that, because the 2021 action was dismissed on January 25, 2022, the last day to timely file was February 8, 2022.  Consequently, the instant case would still be considered late under the most favorable scenario—by 49 days.

Plaintiff also fails to argue any facts in support of equitable tolling.  He does not claim that he was lulled into inaction or that circumstances prevented him from

5

filing this second action within 90 days. *See*, *e.g.*, *Brown v. Walt Disney World Co.*, 805 F. Supp. 1554, 1558 (M.D. Fla. 1992) (finding that equitable tolling may be appropriate if plaintiff has been "lulled into action by the employer, state or federal agencies, or the court"); *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (holding that mental incompetence may be considered an extraordinary circumstance provided plaintiff connects the incapacity with his ability to file).

Nor does Plaintiff contend that he was unaware of the 90-day limitation. The notice was clear on its face, and he cannot claim ignorance. Even if he did, "[i]gnorance of specific legal rights or failure to seek legal advice" does not warrant equitable tolling. *McClinton v. Alabama By-Prods. Corp.*, 743 F.2d 1483, 1486 (11th Cir. 1984); *see also Jackson*, 506 F.3d at 1356 (holding ignorance of the law without more is not an extraordinary circumstance sufficient to warrant equitable tolling).

Construing the pleadings in the light most favorable to Plaintiff, he has failed to carry his burden of alleging facts to show an inequitable circumstance sufficient to toll the statute of limitations. Plaintiff's Title VII claim for wrongful termination is therefore time-barred.

Accordingly, Defendant's motion to dismiss (Dkt. 8) is granted. The complaint is dismissed as time barred. The Clerk is directed to terminate any pending motions and deadlines and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on December 5, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record and Unrepresented parties